837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BRUCE'S SPLICING & RIGGING CO., INC., Plaintiff-Appellant,
v.
Thomas FERREIRA, Andrew Brennan, and F & B Enterprises,
Inc., Defendants-Cross- Appellants.
 Nos. 87-1142, 87-1172.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1987.
 
 Before RICH, EDWARD S. SMITH, and NIES, Circuit Judges.
 DECISION
 EDWARD S. SMITH, Circuit Judge.
 
 
 1
 The United States District Court for the District of Massachusetts held that claims 2, 8-11, 15, 16, and 18 of patent No. 4,349,972 ('972 patent) were valid and infringed, but that the '972 patent and patent No. 4,328,629 ('629 patent) were unenforceable due to inequitable conduct on the part of Bruce's Splicing & Rigging Co. (Bruce's) in obtaining the patents. The district court also awarded attorney fees to Bruce's for its defense of certain claims of prior use made by Ferreira, Brennan, and F & B Enterprises, Inc. (collectively referred to as F & B) on the basis of general equitable principles. Bruce's appealed the holding of unenforceability due to inequitable conduct, and F & B appealed the grant of attorney fees to Bruce's. We affirm.
 
 OPINION
 
 2
 The patent in this case involves a shellfish dredge chain bag protected with rubber strips. The chain bag, which is used to catch shellfish, is dragged across the bottom of the ocean. This dragging causes wearing, or chafing, of the bags and led to the need for some method to protect the bags. A variety of materials were tried, among them parts of old chain bags and pieces of truck tire. Bruce's invention consisted of using pieces of tire attached at a forward point which trailed under the bag to protect it from chafing.
 
 
 3
 During the prosecution of the patent applications, Bruce's attorney became aware of the prior public use of tire tread attached horizontally across the bag, the belly-band. This information was not given to the patent examiner during prosecution, and the '629 patent issued on May 11, 1982, with the '972 patent issuing later.
 
 
 4
 Bruce's filed suit for infringement against F & B, and a trial was held in the district court in Massachusetts. The trial concerned the validity of the claims of the '972 patent, since F & B had stipulated to infringement if the claims were valid. One of the defenses raised by F & B was inequitable conduct. The district court found the patent valid and infringed, but unenforceable due to the failure of Bruce's attorney to reveal the bellybands to the patent examiner. The court made extensive findings on the testimony of F & B's witnesses, concluding that they were "conspicuous liars." Based on this conduct, the court awarded Bruce's attorney fees for its defense of certain early uses of the tire pieces. The court considered F & B's argument that Bruce's should not be awarded any attorney fees because of its inequitable conduct in prosecuting the patent, but found that Bruce's conduct did not offset F & B's conduct.
 
 Inequitable Conduct
 
 5
 Inequitable conduct requires proof by clear and convincing evidence of a threshold degree of materiality of the nondisclosed information and proof of a threshold intent. Materiality may be shown by any one of four tests: (1) objective "but for"; (2) subjective "but for"; (3) "but it might have been"; and (4) whether there is a substantial likelihood that a reasonable examiner would have considered the omitted reference important in deciding whether to allow the application to issue as a patent. J.P. Stevens & Co. v. Lex Tex Ltd., 747 F.2d 1553, 1559, 223 USPQ 1089, 1092 (Fed.Cir.1984), cert. denied, 474 U.S. 822 (1985). In proving intent, it is not necessary to show proof of deliberate scheming; evidence of gross negligence is enough. 747 F.2d at 1560, 223 USPQ at 1092. Gross negligence is present when the actor, judged as a reasonable man, should have known of the materiality of the reference. Kansas Jack, Inc. v. Kuhn, 719 F.2d 1144, 1152, 219 USPQ 857, 862 (Fed.Cir.1983). After the threshold showings of materiality and intent are made, the court must balance them and determine as a matter of law whether inequitable conduct has occurred. J.P. Stevens, 747 F.2d at 1562, 223 USPQ at 1094; American Hoist & Derrick Co. v. Sowa & Sons, Inc., 725 F.2d 1350, 1364, 220 USPQ 763, 774 (Fed.Cir.), cert. denied, 469 U.S. 821 (1984).
 
 
 6
 Bruce's argues that the bellybands were not material because they were attached crosswise and along their length, as opposed to the invention which was attached at one point and trailed beneath the bag. It contends that, because the bellybands taught away from the invention, they were not material. This argument ignores the fundamental way in which the bellybands were similar to the invention. They were pieces of tire attached to the bags to protect them from chafing. They were a step along the way in the development of the invention. That there were differences from the invention as claimed does not prevent them from being important to the examiner in deciding whether to allow the claims. The district court was not clearly erroneous in so finding.
 
 
 7
 Bruce's also claims that the district court erred in finding intent because the court refused to consider the evidence that its attorney acted in good faith. It contends that the actions of its attorney were reasonable and taken with due regard for the duty of candor. According to Bruce's, the failure to disclose the bellybands was at worst an error in judgment and cannot be considered gross negligence. Contrary to Bruce's assertion, the court did consider the testimony of counsel, but found it outweighed by three "special advantages" of not disclosing the bellybands. The court also stated that the disclosure of the use of old chain bags in the background accentuated the problem of the nondisclosure of the bellybands. Bruce's has failed to show that the district court clearly erred in finding Bruce's attorney grossly negligent.
 
 
 8
 Finally, Bruce's argues that the court did not balance the findings of materiality and intent and that, if it had, it would have found no inequitable conduct. Bruce's having failed to show that the court's findings of materiality and intent were clearly erroneous, and having failed to show that its conclusion of inequitable conduct was in error, the judgment must be affirmed in this respect.
 
 Attorney Fees
 
 9
 F & B contends that the district court erred as a matter of law in granting attorney fees to Bruce's. According to F & B, a losing party may never be awarded attorney fees. Even assuming some losing parties could be awarded fees, F & B argues that a party guilty of inequitable conduct cannot obtain such an award.
 
 
 10
 The attorney fees awarded in this case were not granted under 35 U.S.C. Sec. 285 (1982) because Bruce's was not the prevailing party. Instead, the court awarded the fees based on general equitable principles. In doing so, the court considered the conduct of F & B's witnesses at trial and of its attorneys during the litigation. The court was "satisfied beyond a reasonable doubt that the defense on this issue [of prior use] was not made in good faith." The court also identified some of F & B's witnesses as "conspicuous liars."
 
 
 11
 In support of its award, the district court cited McEnteggart v. Cataldo, 451 F.2d 1109 (1st Cir.1971), cert. denied, 408 U.S. 943 (1972). F & B contended that the law of this circuit should be applied to the award of fees under general equitable principles is a matter not unique to patent law; consequently, the law of the First Circuit is the applicable law. Cf. Panduit Corp. v. All States Plastic Mfg. Co., 744 F.2d 1564, 223 USPQ 465 (Fed.Cir.1984). F & B has shown neither legal error nor abuse of discretion by the district court in its grant of attorney fees to Bruce's.
 
 Conclusion
 
 12
 The district court did not err in holding the '972 patent and the '629 patent unenforceable due to inequitable conduct on the part of Bruce's during the prosecution of the applications for the patents. There was also no error in the court's award of attorney fees to Bruce's based on general equitable principles. We affirm the judgment of the United States District Court for the District of Massachusetts.